# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES,**<br><br>v.<br><br>**CORNELIUS TILTON.** | 20-cr-30<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendant Cornelius Tilton's ("Defendant") omnibus pretrial motion, ECF No. 16, and the Government's motion *in limine*, ECF No. 14. The motion is decided without oral argument. *See* L. Crim. R. 1.1 (incorporating L. Civ. R. 78.1). For the reasons set forth below, the Government's motion, ECF No. 14, is **GRANTED** and Defendant's motion, ECF No. 16, is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

Defendant is accused of engaging in sexual contact with an adult ("Victim"), without his permission, "with the intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of another person," in violation of 18 U.S.C. § 2244(b) and 49 U.S.C. § 46506. Indictment, ECF No. 11. The violative conduct allegedly occurred on November 30, 2019, onboard a flight from Tel-Aviv, Israel, to Newark, New Jersey. *Id.*

The Government alleges that Defendant inappropriately touched the Victim while returning from a group religious retreat in Israel. Gov Mot. at 2, ECF No. 14. The Victim is a theological seminary student. *Id.* Defendant is a long-time pastor serving as an unofficial guide. *Id.* While the airplane's lights were off, Defendant allegedly rubbed the Victim's leg and crotch before placing the Victim's hand on his own erect penis, over his pants. After the Victim returned from the bathroom, Defendant allegedly placed his hand under the Victim's shirt, first in the back, then attempted to reach into the front of the Victim's shorts. *Id.* The Victim purportedly blocked Defendant's hand before notifying a flight attendant. *Id.* The flight attendant notified the authorities. *Id.*

The Government filed a criminal complaint on December 2, 2019, ECF No. 1, and an Indictment on January 10, 2020. No trial date has been set.

## II. DISCUSSION

### A. Government's Motion *in Limine*

The Government seeks to exclude evidence of the Victim's sexual behavior or predispositions, pursuant to FRE 412. Gov. Mot. In sexual misconduct cases, FRE 412 prohibits the admission of evidence offered to prove either (1) "that a victim engaged in other sexual behavior" or (2) "a victim's sexual predisposition." Defendant does not oppose the motion. Accordingly, the Government's motion should be **GRANTED**.

### B. Defendant's Omnibus Motion

#### 1. Return of Seized Electronic Devices

Defendant seeks the return of certain electronic devices, including an iPad, three cell phones, a laptop, and various SIM cards. The Government responds that once its forensic review is complete, it will return the property as soon as practicable. Opp. at 3. "The Government requests only that the defendant stipulate to the authenticity of the copies of the contents of these devices prior to their return." *Id.* While the Government presently does not intend to use the electronic evidence in its case-in-chief, it may be used for impeachment purposes. *Id.* n.2.

Motions for return of property are "properly denied if . . . the government's need for the property as evidence continues." *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999). As the Government may rely on the contents of the devices at trial, its need for the property as evidence continues. *See id.* Accordingly, Defendant's request is **DENIED**. If Defendant stipulates to the authenticity of electronic copies, that need dissipates and the Government **SHALL** promptly return the devices. If Defendant refuses to so stipulate, the Government **MAY** withhold the devices through trial.

#### 2. **Brady,** *and* **Giglio** *Evidence*

Defendant moves for disclosure of all evidence under *Brady* and its progeny, including *Bagley* and *Giglio*. Def. Mot. at 4-6. The Government responds that it understands its *Brady* obligations and will disclose all exculpatory evidence in sufficient time for its use in trial. Gov. Opp. at 4. But, at the present time, the Government is not in possession of any exculpatory information. *Id.*

With respect to *Giglio* evidence—the Government points out (correctly) that the Court cannot order pretrial disclosure of *Giglio* evidence. Gov. Opp. at 4-5; *United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983). However, the Government volunteers to provide *Giglio* material "at least one week prior to the beginning of jury selection." Gov. Opp. at 5. Accordingly, Defendant's motion is **DENIED**. To the extent the Government is in possession of or discovers any *Brady* evidence, it **SHALL** provide it to Defendant. Pursuant to the Government's offer and to avoid unwarranted delay, *Giglio* evidence **SHALL** be provided at least one week before jury selection.

#### 3. *Information Regarding Agents and Law Enforcement Personnel*

Defendant requests "identifying information on all agents and law enforcement personnel involved," including "the agent's employment (current and past) and job assignments (current and past)." Def. Mot. at 5-6. Defendant further requests a "review of each agent's personnel and internal investigation files" for several topics, including evidence of potential crimes, bias, medical or psychiatric conditions, and reprimands. *Id.*

Defendant does not present any basis for the disclosure of every involved agent's employment history. Thus, the broad request for employment histories is **DENIED**. Of course, the Government's *Giglio* disclosures will reveal impeachment material relevant to testifying agents. *See supra* Part II.B.2.

As to Defendant's request that the Government review agents' personnel files, he cites *United States v. Henthorn*, 931 F.2d 29, 30 (9th Cir. 1990). In *Henthorn*, the Ninth Circuit found

that the "obligation to examine the files arises by virtue of the making of a demand for their production." *Id.* No specificity was required. *Id.*[1] The Supreme Court has also held that "individual prosecutor[s have] a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). Further, the Government must "take the minimal steps necessary to acquire information of which the prosecution should be aware" and *Brady* obligations apply to all material within the Government's "actual or constructive *possession*," not just *knowledge*. *Maynard v. Gov't of Virgin Islands*, 392 F. App'x 105, 113 (3d Cir. 2010) (cleaned up and emphasis added). Accordingly, Defendant's request is **GRANTED** and, as soon as practicable, the Government **SHALL** review the involved agents' personnel files. To the extent that review reveals exculpatory material, it must be turned over at the appropriate time, most likely with other *Giglio* materials.

### 4. *Jencks Act and Rough Notes*

Defendant requests all Jencks Act material and any notes made during the investigation. Def. Mot. at 9-10. Once again, the Government points out (correctly) that Jencks Act materials are not subject to mandatory disclosure before trial, but offers to produce Jencks Act materials at least one week before jury selection. Gov. Opp. at 6-7. The Government seeks reciprocal early Jencks disclosures. *Id.* Pursuant to the Government's offer and to avoid unnecessary delays, *Giglio* evidence **SHALL** be provided at least one week before jury selection.

With respect to rough notes, the Government opposes the request but represents that adequate steps have been taken to preserve them. *Id.* at 7-8. The Government acknowledges Third Circuit precedent that upon a motion, "the government must . . . make available to the district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination whether they should be produced." *United States v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983). However, such materials are only subject to production "to the extent that they either contain *Brady* material or constitute statements falling under the Jencks Act." *United States v. Santos*, No. 18-585, 2020 WL 134578, at *9 (D.N.J. Jan. 13, 2020) (citation omitted).

Accordingly, as soon as practicable, the Government **SHALL** review all notes and draft reports for discoverable material. To the extent any *Brady*, *Giglio*, or Jencks Act material is present, it must be provided at the appropriate juncture.

### 5. *Expert Discovery*

Defendant requests all expert tests and reports pursuant to Rule 16(a)(1). Def Mot. at 9. The Government acknowledges its obligation to provide expert discovery, and represents it "will endeavor to provide Tilton with reasonable pretrial notice." Gov. Opp. at 6.

---

[1] In a related context, the Third Circuit required a "plausible showing" that *in camera* inspection would reveal material evidence before a district court requires the Government to submit material for the *court's* review. *United States v. Karriem*, 07-cv-706, 2008 WL 5118200, at *11 (D.N.J. Dec. 4, 2008) (quoting *Riley v. Taylor*, 277 F.3d 261, 301 (3d Cir.2001)). But neither party has pointed to a Third Circuit case addressing a request that the *Government* review personnel files.

3

Defendant is entitled to adequate notice of any expert testimony. *See United States v. Burton*, 404 F. App'x 617, 624 (3d Cir. 2010) (finding two weeks' notice adequate). Accordingly, the Government **SHALL** provide all required expert discovery at least two weeks before jury selection.

### 6. *FRE 404(b) Evidence*

Defendant requests that the Court order the Government to specify what FRE 404(b) evidence it intends to introduce at trial and a hearing to determine its admissibility. Def. Mot. at 9. The Government responds that it intends to provide Defendant with reasonable notice before trial, and the Court should defer decision. Gov. Opp. at 5-6.

In criminal cases, on a defendant's request, the Government must provide "reasonable notice of the general nature of any" 404(b) evidence. "Reasonable notice" has not been strictly defined, but Courts have accepted between seven and ten days. Accordingly, the Government **SHALL** file notice of any FRE 404(b) evidence two weeks before jury selection. Defendant will be permitted to renew his motion at that time.[2]

## III.   CONCLUSION

For the reasons set forth above, the Government's motion *in limine*, ECF No. 14, is **GRANTED**. Defendant's omnibus motion, ECF No. 16, is **GRANTED IN PART** and **DENIED IN PART**.

|   |   |
|---|---|
| | */s/ William J. Martini* |
| Date: July 21, 2020 | **WILLIAM J. MARTINI, U.S.D.J.** |

---

[2] Defendant makes a general request for permission to file additional motions. Def. Mot. at 10. The request is **GRANTED** to the extent they raise issues that could not have been previously raised.